**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Douglas Brown, | No. CV-21-02143-PHX-DLR |
| Plaintiff, | Consolidated with |
| v. | No. CV-21-02152-PHX-DLR |
| Kemper Insurance United Alliance Human Resources Management, | **ORDER** |
| Defendant. | |

Before the Court is Petitioner Merastar Insurance Company's ("Merastar") petition to confirm an arbitration award entered in its favor. (Doc. 1 in No. CV-21-02152-PHX-DLR.)

By way of background, Respondent Steven Douglas Brown sued Merastar[1] in October 2019 in Maricopa County Superior Court, alleging discrimination and retaliation claims. Merastar removed the case to federal court in November 2019 based on diversity jurisdiction, and the matter was assigned to Judge Susan M. Brnovich. (Doc. 1. in No. CV-19-5600-PHX-SMB.) The parties then stipulated to dismissing that lawsuit in favor of private arbitration, which Judge Brnovich granted. (Doc. 12 in No. CV-10-5600-PHX-SMB.) That private arbitration resolved in Merastar's favor in February 2021. (Doc. 1-2 at 60-74 in No. CV-21-02152-PHX-DLR.) In November 2021, Brown filed a new lawsuit against Merastar in Maricopa County Superior Court attempting to relitigate the issues

---

[1] Brown's complaint erroneously named Merastar as "Kemper Insurance-United Alliable-Human Resources Management."

previously resolved in Merastar's favor during the private arbitration. (Doc. 1-3 at 6-9 in No. CV-21-02143-PHX-DLR.) Merastar removed that case to this Court on December 14, 2021. (Doc. 1 in No. CV-21-02143-PHX-DLR.) The following day, Merastar filed a separate action with this Court seeking confirmation of the arbitration award. (Doc. 1 in No. CV-21-02152-PHX-DLR.) Merastar later moved to consolidate these two cases, which the Court granted. (Docs. 12, 14 in No. CV-21-02143-PHX-DLR.) Merastar indicated that it would move for judgment on the pleadings in No. CV-21-02143-PHX-DLR, the new case initiated by Brown, once the Court confirmed the arbitration award in No. CV-21-02152-PHX-DLR, the case initiated by Merastar. The Court therefore declined to enter a scheduling order in the new case initiated by Brown, and instead ordered that Merastar's motion for judgment on the pleadings would be due 30 days after the Court rules on the petition to confirm the arbitration award. (Doc. 17 in No. CV-21-02143-PHX-DLR.)

Under the Federal Arbitration Act, any party to an arbitration may, "at any time within one year after the award is made," "apply to the court . . . for an order confirming the award." 9 U.S.C. § 9. "A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary; confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986); *see also* 9 U.S.C. § 9. Here, the arbitrator's February 2021 decision has not been vacated, modified, or corrected; no party to the arbitration has filed or served a petition to vacate, modify, or correct the award; and the time to file such a petition has run. *See* 9 U.S.C. § 12 (petitions to vacate, correct, or modify due within three months after an award is filed or delivered). Accordingly, the Court must confirm the arbitration award.

**IT IS ORDERED** that Merastar's petition to confirm the arbitration award (Doc. 1 in No. CV-21-02152-PHX-DLR) is **GRANTED**. The award entered in favor of Merastar by Arbitrator Tod F. Schleier on February 10, 2021 is hereby **CONFIRMED** and the Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Merastar's motion for judgment on the pleadings in No. CV-21-02143-PHX-DLR is due within 30 days of the date of this order.

Dated this 2nd day of August, 2022.

Douglas L. Rayes
United States District Judge