WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Douglas Brown,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Kemper Insurance United Alliance Human Resources Management,<br><br>　　　　　Defendant. | No. CV-21-02143-PHX-DLR<br><br>**ORDER** |

At issue is Defendant Merastar Insurance Company's[1] motion for judgment on the pleadings (Doc. 22), which is fully briefed[2] (Docs. 24, 25) and will be granted.

A motion for judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). A motion for judgment on the pleadings therefore should

---

[1] The complaint erroneously identifies Merastar as Kemper Insurance-United Alliance-Human Resources Management, which evidently is not a legal entity. (Doc. 22 n.1.)

[2] Merastar's motion to strike Plaintiff Steven Brown's sur-reply (Doc. 27) is granted. Neither the Federal Rules of Civil Procedure nor this District's Local Rules contemplate sur-replies, and Mr. Brown did not ask permission to file one. Because his sur-reply was not authorized by rule or court order, it is stricken.

not be granted if the complaint is based on a cognizable legal theory and contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted).

In October 2019, Plaintiff Steven Brown sued Merastar in Maricopa County Superior Court asserting discrimination and retaliation claims. Merastar removed the case to federal court, where the parties stipulated to dismissal in favor of arbitration. (Doc. 12 in CV-19-5600-PHX-SMB.) In February 2021, the arbitrator ruled in Merastar's favor. (Doc. 1-2 at 60-74 in CV-21-02152-PHX-DLR.)

In November 2021, Mr. Brown filed this lawsuit against Merastar in Maricopa County Superior Court, raising issues that were or could have been raised in the prior arbitration. (Doc. 1-3 at 6-9.) Merastar removed the case to this Court and also filed a separate action seeking confirmation of the arbitration award. (Doc. 1 in CV-21-02152-PHX-DLR.) Merastar moved to consolidate the two cases, which the Court granted. (Docs. 12, 14.) The Court later granted Merastar's petition to confirm the favorable arbitration award and entered judgment accordingly. (Doc. 20.)

Merastar now moves for judgment on Mr. Brown's second case, arguing claim preclusion. (Doc. 22.) Claim preclusion bars recovery for claims that were or could have been asserted in a prior lawsuit between the same parties based on the same transaction or occurrence. *See Gregory v. Windnall*, 153 F.3d 1071, 1074 (9th Cir. 1998). "Claim preclusion is designed 'to force a plaintiff to explore all the facts, develop all the theories, and demand all the remedies in the first suit.'" *Rinehimer v. Aurora Loan Servs., LLC*, No. CV 10-347-PHX-MHB, 2012 WL 13019463, at *3 (D. Ariz. Sep. 18, 2012) (quoting 18 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure, § 4408 (2000)). Both of Mr. Brown's lawsuits are against Merastar, and the first resolved in a judgment in Merastar's favor. In his first lawsuit, Mr. Brown accused Merastar of tolerating workplace harassment; in this one, he accuses Merastar of retaliating against him for reporting that same harassment. These claims arise out of the same transactional nucleus of facts, and Mr. Brown could and should have raised his retaliation

claims the first time around. A straightforward application of claim preclusion bars Mr. Brown from this second bite at the apple.

**IT IS ORDERED** as follows:

1. Merastar's motion to strike (Doc. 27) is **GRANTED**. Mr. Brown's unauthorized sur-reply (Doc. 26) is **STRICKEN**.

2. Merastar's motion for judgment on the pleadings (Doc. 22) is **GRANTED**. The Clerk of the Court is directed to enter judgment accordingly and terminate this case.

Dated this 11th day of August, 2023.

Douglas L. Rayes
United States District Judge